UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

v.

SANTOSH REDDY SAMA,

Defendant (5).

______________________________/

Case No. 19-cr-20026

UNITED STATES DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

**OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE [143, 147]**

## I. INTRODUCTION

On January 15, 2019, Santosh Reddy Sama ("Defendant") was indicted on one count of conspiracy to commit visa fraud and to harbor aliens for profit, 18 U.S.C. § 371. ECF No. 1. Defendant entered a guilty plea to this count on May 15, 2019. ECF No. 19. This Court sentenced Defendant to 24 months of imprisonment, which he began serving on September 10, 2019. ECF No. 118.

Presently before the Court is Defendant's letter seeking relief due to the current COVID-19 pandemic, ECF No. 143, which the Court construed as a Motion for Compassionate Release, ECF No. 144. Following this Court's Order on May 29, 2020, Defense counsel submitted a supplemental brief. ECF No. 147. The

Government filed a Response on July 13, 2020. ECF No. 148. Defendant filed his Reply on July 16, 2020. ECF No. 151.

Upon review of the parties' submissions, the Court concludes that oral argument will not aid in the disposition of this matter. Accordingly, the Court will resolve Defendant's Motion for Compassionate Release on the briefs. *See* E.D. Mich. L.R. 7.1(f)(2). For the reasons set forth below, the Court will **DENY** Defendant's Motion for Compassionate Release [#143, 147].

## II. BACKGROUND

From approximately February 2017 through January 2019, Defendant, along with his five co-defendants, assisted foreign citizens to illegally remain, re-enter, and work in the United States. ECF No. 1, PageID.1. He attended and personally recruited over 100 students to attend the University of Farmington, which was an undercover university run by U.S. Department of Homeland Security Agents. ECF No. 148, PageID.1162; *see also* PSR ¶ 27. Defendant received in excess of $160,000 in profits for his and other associates' efforts. *Id.* On May 15, 2019, Defendant entered a guilty plea to one count of conspiracy to commit visa fraud and harbor aliens for profit, in violation of 18 U.S.C. § 371. On September 12, 2019, the Court sentenced Defendant to a term of 24 months imprisonment. ECF No. 118.

Defendant now moves the Court for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) due to the threat of COVID-19. ECF Nos. 143, 147.

Defendant is twenty-nine years old and serving his sentence at the Moshannon Valley Correctional Center in Phillipsburg, Pennsylvania.[1] ECF No. 147, PageID.1100. Defendant is set to be released to an ICE detainer on October 12, 2020. *Id.*

In his instant Motion, Defendant argues that "[i]n the midst of a resurgence of the Covid-19 pandemic, [he] suffers from diabetes, hyperlipidemia and hepatitis[.]" *Id.* at PageID.1098. Moreover, Defendant asserts that his presence in India is necessary to care for his wife, who had "life-saving surgery following a cardiac arrest, and a miscarriage[.]" *Id.* He seeks early release to an ICE detainer. *Id.*

## III. Law & Analysis

### A. Legal Standard

Title 18 U.S.C. § 3582(c)(1)(A) governs this Court's authority to consider motions for compassionate release. As amended by the First Step Act of 2018, the relevant statutory language provides that a court may grant compassionate release under the following circumstances:

> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility,

[1] The Court takes notice that Moshannon Valley Correctional Center is operated by The GEO Group, Inc. The BOP thus does not list the number of positive cases or tests for this facility on its website. *See BOP: COVID-19 Update*, https://www.bop.gov/coronavirus/ (last updated July 31, 2020).

> whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction.

18 U.S.C. § 3582(c)(1)(A)(i). Accordingly, a court must address two key questions. The first is whether a defendant has exhausted all administrative remedies with the BOP. The second is whether, after considering "extraordinary and compelling reasons," as well as the sentencing factors set forth in 18 U.S.C. § 3553(a), there are sufficient grounds to warrant a sentence reduction.

Moreover, a sentence reduction must be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). U.S. Sentencing Guidelines Manual § 1B1.13 is the "applicable policy statement" which this Court must comply with. This section explains that a defendant must "not [be] a danger to the safety of any other person or to the community" under 18 U.S.C. § 3142(g). Further, a defendant must fit within at least one of four categories of "extraordinary and compelling reasons." Application Note 1 to U.S.S.G. § 1B1.13 provides, in relevant parts, when extraordinary and compelling reasons exist:

> (A) Medical Condition of the Defendant. –
>
> (ii) The defendant is (I) suffering from a serious physical or medical condition, (II) suffering from a serious functional or cognitive impairment, or (III) experiencing deteriorating

> physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
>
> …
>
> (C) Family Circumstances –
>
> (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

Here, Defendant asserts that his preexistent medical conditions, in tandem with his ailing wife in India as well as his continued incarceration during the COVID-19 pandemic, warrant his immediate compassionate release. Defendant thus argues that these circumstances are "extraordinary and compelling" pursuant to U.S.S.G. § 1B1.13. ECF No. 147, PageID.1104; *see also* ECF No. 151, PageID.1231–32. Moreover, Defendant asserts that he is not a danger to the community and that the 18 U.S.C. § 3553(a) factors favor his release. ECF No. 151, PageID.1232–35.

## B. Analysis

### 1. Exhaustion

The First Step Act of 2018 amended 18 U.S.C. § 3582 to permit defendants to move for compassionate release themselves. First Step Act § 603(b), Pub. L. No. 115-319, 132 Stat. 5194, 5239 (Dec. 21, 2018). In a defendant-initiated motion for compassionate release, the district court may not act on the motion unless the

defendant files it "after" either completing the administrative process within the BOP or waiting thirty days from when the warden at the facility received his or her request. 18 U.S.C. § 3582(c)(1)(A).

Here, the Government argues that Defendant failed to comply with § 3582(c)(1)(A)'s mandatory exhaustion requirement because his initial request to the warden omitted information relative to the pandemic. ECF No. 148, PageID.1170. The Court disagrees. Defendant's request for release was exhausted properly under the circumstances presented here.

Another court in this District has recognized that federal courts confronted with the argument raised by the Government here have been generally skeptical of the notion that § 3582(c)(1)(A) imposes any requirement of "issue exhaustion" on requests for compassionate release, "or that a prisoner explicitly must mention the pandemic as a basis of his administrative request, or else submit and exhaust a fresh request on that ground — and wait yet another 30 days — before seeking judicial review." *United States v. Williams*, No. 15-20462, 2020 WL 4040706, at *2 (E.D. Mich. July 17, 2020) (citing *United States v. Garner*, No. 14-13, 2020 WL 3632482, *3 & n.2 (S.D. Tex. July 3, 2020); *Miller v. United States*, No. 16-20222, 2020 WL 1814084, at *2 (E.D. Mich. Apr. 9, 2020)) (internal quotations omitted).

Here, the statutory ground for Defendant's request has not changed from when he first requested relief at Moshannon Valley Correctional Center to his present

Motion. Defendant seeks release relief based on "extraordinary and compelling circumstances," under the authority of 18 U.S.C. § 3582(c)(1)(A)(i), just as he did at the administrative level.

Defendant first filed an administrative request for compassionate release on April 15, 2020. ECF No. 147-5, PageID.1160. In this letter, Defendant mentions his wife's and mother's medical conditions. He also explains the urgency of his request, "[r]ight now India is in complete lockdown, it's very hard for them for survival due to the *coronavirus pandemic*." *Id.* at PageID.1161 (emphasis added). On April 28, 2020, the warden responded to Defendant's letter, requesting more information concerning the alleged extraordinary or compelling circumstances. *Id.* at PageID.1159. Defendant replied to this request, again citing to his wife's deteriorating medical condition, her requirement for surgery, his mother's inability to care for her, and the ongoing coronavirus pandemic. *Id.* at PageID.1158; *see also* ECF No. 151, PageID.1231. In his present Motion, Defendant explains that he seeks compassionate release "principally because of his young wife's failing health following a miscarriage procedure." ECF No. 147, PageID.1101. He also cites to his own medical conditions, which the Court will address in the next section. *See id.* Even with the addition of his medical conditions, "the underlying authority and ground for the relief sought has not changed, and it would be inappropriate under the circumstances to impose any further exhaustion requirement, which in any event

is not mandated in any plain terms of the statute." *Williams*, 2020 WL 4040706, at *2 (citation omitted); *see also United States v. Brown*, No. 4:05-CR-00227-1, 2020 WL 2091802, at *4 (S.D. Iowa Apr. 29, 2020) ("[I]ssue exhaustion is inappropriate because § 3582 contains no such requirement and BOP compassionate release requests are not adversarial proceedings.").

Defendant sufficiently presented his request for release to prison authorities at his facility. Accordingly, Defendant has exhausted his administrative remedies. He thus satisfies the Court's first key question in its analysis.

**2. Extraordinary and Compelling Reasons**

As explained above, in order for a court to grant compassionate release, a defendant must demonstrate that "extraordinary and compelling reasons" exist to warrant a reduction in sentence. 18 U.S.C. § 3582(c). The Sentencing Commission has provided guidance about what constitutes "extraordinary and compelling reasons" in Section 1B1.13 of the Sentencing Guidelines. U.S.S.G. § 1B1.13. These reasons are classified in four categories: (1) the defendant's medical condition; (2) the defendant's age; (3) family circumstances; and (4) additional reasons "other than, or in combination with" the first three elements. *Id.* at cmt. n.1(A)-(D).

Here, Defendant explains that he suffers from diabetes, hyperlipidemia, and hepatitis. ECF No. 147, PageID.1101; *see also* ECF No. 147-3, PageID.1114, 1123–

24. In a separate letter, Defendant asserts that he takes medication for his diabetes; kidney; and high blood cholesterol. ECF No. 147-3, PageID.1114.

The Court does not diminish Defendant's concern for his underlying medical conditions. However, the Court finds that Defendant has not demonstrated that "extraordinary and compelling reasons" exist to warrant his release from Moshannon Valley Correctional Center. According to the Centers for Disease Control and Prevention ("CDC"), the only relevant condition that places Defendant at a higher risk for severe illness from COVID-19 is his newly diagnosed diabetes.[2] *People Who Are at Higher Risk for Severe Illness*, Centers for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extraprecautions/ people-at-increased-risk.html (last updated July 17, 2020).

Defendant's diabetes by itself is not sufficient to warrant early release under the compassionate release standard. Defendant is also thirty-six years younger than the CDC's classification of adults sixty-five years and older who are at higher risk of COVID-19 complications. Other district courts have granted compassionate release only upon a finding of numerous and severe medical conditions that place them at a significantly higher risk for severe illness from COVID-19. *See, e.g.*,

[2] The Court takes notice that Defendant denied any medical conditions at the time his Probation Officer prepared his PSR in August 2019. PSR ¶ 54. His recent medical records indicate the change in his medical conditions, including diabetes and hyperlipidemia diagnoses. *See, e.g.*, ECF No. 147-3, PageID.1123.

*United States v. Doshi*, No. 13-CR-20349, 2020 WL 2556794 (E.D. Mich. May 20, 2020) (granting compassionate release for an elderly inmate with hypertension, diabetes, asthma, hyperlipidemia, and other preexisting conditions); *Miller v. United States*, No. CR 16-20222-1, 2020 WL 1814084, at *1 (E.D. Mich. Apr. 9, 2020) ("The CDC also states that individuals with underlying medical conditions, such as a chronic lung disease, a serious heart condition, and liver disease, have a higher risk of severe illness ... Miller suffers from all three.").

The Court takes notice of Defendant's argument that he seeks compassionate release "principally because of his young wife's failing health following a miscarriage procedure." ECF No. 147, PageID.1101. In his Reply, Defendant also explains that he must care for his ailing mother. ECF No. 151, PageID.1233. Defendant's wife, Mounika Sama, is twenty-six years old and resides in India. ECF No. 147, PageID.1101. According to Defendant, she suffered a cardiac arrest and experienced a miscarriage; she thus requires a hysterectomy and septum resection. *Id.* He asserts that his approval and consent are necessary in India for Ms. Sama to receive the necessary medical treatment. *Id.* In a letter to this Court, Ms. Sama corroborates Defendant's assertion, writing, in block letters, that her health condition can only be treated with her husband's permission. ECF No. 147-4, PageID.1129. She further explains that Defendant's incarceration thus "puts both [herself and

Defendant] in high stress[.]" *Id.* Ms. Sama also attached her medical records to this letter. *See generally id.*

The Government argues that neither Ms. Sama's nor Defendant's mother's conditions are extraordinary or compelling. ECF No. 148, PageID.1172. It emphasizes that the Court was made aware of their medical conditions at the time of sentencing. *Id.* This Court agrees and finds that Defendant has not established that his family circumstances warrant release. The fact that Defendant's wife and mother suffer from medical hardships, while unfortunate, does not in and of itself create a compelling reason to release Defendant. *See United States v. Wilson*, No. 15-20281, 2020 WL 3172647, at *3 (E.D. Mich. June 15, 2020). Moreover, this Court was made aware of Ms. Sama's and Defendant's mother's medical conditions at the time of sentencing. Indeed, Defendant's PSR indicates that Ms. Sama "is not functioning well as she has been diagnosed with a heart disorder. The defendant reported that his wife is in need of heart surgery which cannot be performed, due to his custodial status, as he is required to give consent." PSR ¶ 51. Defendant also informed his Probation Officer "I am requesting to be back with my wife and mother so that I can take care of them." PSR ¶ 52. Furthermore, Defendant attached Ms. Sama's and his mother's medical records to his Sentencing Memorandum. *See* ECF Nos. 109-2, 109-4. While the Court empathizes with Defendant's family's difficult situation,

Defendant has failed to establish that these circumstances are extraordinary and compelling for this Court to grant him his requested relief.

In sum, upon consideration of precedent for granting compassionate release and the particular facts of his case, Defendant has not presented extraordinary and compelling circumstances, either from his own or his family's medical conditions, that warrant his early release.

**3. Determination of Dangerousness to the Community and the 18 U.S.C. § 3553(a) Factors**

As a final matter, a district court must determine that the defendant does not present a danger to the community, as provided in 18 U.S.C. § 3142(g). *See* U.S.S.G. § 1B1.13. Additionally, the court must also consider the sentencing factors under 18 U.S.C. § 3553(a) and determine whether such factors support or undermine the sentence reduction. *See id.*

Here, the Government argues that Defendant is ineligible for compassionate release because he is a danger to the community. ECF No. 148, PageID.1173. It highlights the strain of limited resources which society's first responders are currently operating within during the COVID-19 pandemic. *Id.* at PageID.1173–74. However, Defendant correctly points out that he does not wish to seek reentry into the community; rather, Defendant seeks release to the ICE detainer that has been lodged and filed with the immigration authorities. ECF No. 151, PageID.1232–33.

Indeed, Defendant seeks a relief which would expedite his deportation process so he could return to India. *Id.* at PageID.1233.

Nevertheless, the Court concludes a non-violent offender like Defendant, who was involved in a significant, multi-year conspiracy scheme which abused this country's student visa program, may qualify as a danger and thus forecloses relief requesting early release. The Court emphasizes that among his codefendants, Defendant was given the most significant sentence. The Court did not and continues to not treat Defendant's conduct lightly.

The Court also agrees with the Government that consideration of the factors set forth in 18 U.S.C. § 3553(a) do not weigh in favor of granting the requested relief. The factors set forth in § 3553(a) include a defendant's history and characteristics; the nature and circumstances of the offense; due consideration of the seriousness of the offenses; promoting respect for the law; providing just punishment; affording adequate deterrence; protecting the public from further crimes by the defendant; and providing him or her with any necessary correctional services and treatment. *See* 18 U.S.C. § 3553(a).

Here, Defendant was convicted of a serious conspiracy offense to defraud the United States—conspiracy to commit visa fraud and harbor aliens for profit—as indicated by Congress' decision to authorize up to five years in prison for the offense. *See* 18 U.S.C. § 371. He was an organizer and lead recruiter of the

underlying fraud scheme. In exchange for enlisting other students as part of this ongoing scheme, Defendant received more than $160,000 in profits and tuition credits. ECF No. 148, PageID.1175. This Court accordingly sentenced Defendant to the most months imprisonment amongst his co-defendants. Specifically, this Court imposed a sentence of 24 months, which represented a 13-month downward variance from the Guideline range. ECF No. 118.

At the time of sentencing, this Court was especially concerned with affording adequate deterrence. Defendant's 24-month sentence continues to serve as a strong deterrent for other foreign students from abusing the F-1 student visa program. In sum, the Court finds that granting Defendant compassionate release at this juncture would inappropriately minimize the serious nature of his decision to conspire to harbor foreign citizens and commit visa fraud.

Accordingly, the § 3553(a) sentencing factors also weigh against Defendant's early release.

**V. CONCLUSION**

For the reasons articulated above, the Court **DENIES** Defendant's Motion for Compassionate Release [#143, 147].

**IT IS SO ORDERED.**

Dated: August 4, 2020

/s/Gershwin A. Drain
GERSHWIN A. DRAIN
United States District Judge

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record and on Santosh Reddy Sama, No. 57218-039, Moshannon Valley Correctional Facility, 555 Geo Drive, Philipsburg, Pennsylvania, 16866 on August 4, 2020, by electronic and/or ordinary mail.

/s/ Teresa McGovern
Case Manager